# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT TAMIR WILKERSON,

                Plaintiff

        v.

LYCOMING COUNTY PRISON, *et al.*,

                Defendants.

CIVIL ACTION NO. 3:25-CV-00411

(MEHALCHICK, J.)

## MEMORANDUM

Plaintiff Robert Tamir Wilkerson alleges that he is being held in unconstitutional conditions of confinement at the Lycoming County Prison. Because the complaint as pled fails to state a claim for relief, Wilkerson will be granted 30 days to file an amended complaint.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On March 5, 2025, the Court received and docketed a complaint (Doc. 1) and application to proceed *in forma pauperis* (Doc. 2) from Wilkerson. The complaint names four defendants: the Lycoming County Prison, Warden Brad A. Shoemaker, and Deputy Wardens Ryan C. Barnes and Christopher J. Ebner.

Wilkerson alleges that since August 15, 2024, he has been held at the Lycoming County Prison in the "DLU[1] G-Block Unit." In this unit, the lights are kept on 22 hours per day by unnamed "correctional officers[, who] stripped [inmates'] ability to turn the lights on or off." The excessive lighting causes Wilkerson sleep deprivation, depression, anxiety, and related symptoms. Further, the inmates in the unit are also being "sanctioned" for attempting

---

[1] The Court infers that "DLU" refers to "disciplinary lockup." *See*, *e.g.*, *Giddings v. Rogers*, No. 1:22-CV-00097, 2024 WL 4186926, at *5 (M.D. Pa. Sept. 13, 2024).

to cover up the lights. Wilkerson asserts an Eighth Amendment conditions of confinement claim and requests monetary relief, along with unspecified sanctions for "everyone involved."

## II.    28 U.S.C. § 1915A SCREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation

and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.    DISCUSSION

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. 42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a Section 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).

Wilkerson's constitutional claims cannot proceed as pled. He attempts to sue the Lycoming County Prison, but the prison is not a "person" subject to suit under Section 1983. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Clay v. Lycoming Cnty. Prison*, No. 4:21-CV-01415, 2021 WL 4552236, at *2 (M.D. Pa. Oct. 5, 2021). He names three defendants who hold supervisory roles at the prison, but the complaint does not contain any direct allegations against them and does not support an inference of their personal involvement in setting the lighting on Wilkerson's block. Rather, Wilkerson attributes these decisions to unknown "correctional officers." "Liability cannot be predicated solely on the operation of *respondeat superior*," so the fact that the named defendants hold supervisory roles is not sufficient. *See Rode*, 845 F.2d at 1207.

## IV.  CONCLUSION

Because the complaint as pled does not state a claim, Wilkerson will be granted 30 days to file an amended complaint. *See Grayson*, 293 F.3d at 108. Any amended complaint must explain the actions that each defendant took that establishes their personal involvement in any constitutional violations Wilkerson alleges. Further, any amended complaint should clarify the circumstances of Wilkerson's confinement. Although he checked a box on the complaint form indicating that he is a "civilly committed detainee" (Doc. 1 at 2), the Court's review indicates that he was incarcerated pursuant to a conviction for assault in the Court of Common Pleas of Lycoming County. *See Commonwealth v. Wilkerson*, No. CP-41-CR-0000536-2023 (Lycoming Cty. Ct. Com. Pl.). An appropriate Order follows.

Dated: April 29, 2025

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**